**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ALI H. DARWICH, and**
**FATIMA H. TOUFAILI,**

        **Plaintiffs,**        **CIVIL ACTION NO. 13-cv-10757**

        **vs.**        **DISTRICT JUDGE ROBERT H. CLELAND**

        **MAGISTRATE JUDGE MONA K. MAJZOUB**

**U.S. DEPARTMENT OF**
**JUSTICE, et. al.,**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiffs Ali Darwich, currently a prisoner at USP Terre Haute located in Terre Haute, Indiana, and Fatima Toufaili, currently a prisoner at USP Hazelton located in Hazelton, West Virginia, have filed this joint action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against Defendants the U.S. Department of Justice; Assistant U.S. Attorney Ronald W. Waterstreet; federal agents Milan Sucavic, Eli Sassine, and Jeremy Long; and Detective Danny Lou.[1]  (Docket no. 1 at 3.)  Plaintiffs allege that Defendants racially discriminated against them by conspiring to falsify reports that ultimately led to Plaintiffs' being falsely charged with terrorist acts.

---

[1] Although Plaintiff Fatima Toufaili has been permitted to continue as a Plaintiff in this matter for nearly six months, she has neither paid a filing fee nor filed an application to proceed without prepayment of such fees.  Moreover, Toufaili is not represented by counsel, and she has not signed any of the pleadings in this matter.  Thus, it appears that Plaintiff Darwich has filed and is proceeding in this matter on Toufaili's behalf, either with or without her knowledge.  Such a procedural deficiency would be grounds to dismiss Plaintiff Toufaili's claims in this matter without prejudice.  Nevertheless, the Court will not make such a recommendation because the Court recommends, herein, that this matter be dismissed, in full and with prejudice, on substantive grounds.

(*Id.* at 6.) Plaintiffs seek $20,000,000 in damages. (*Id.* at 7.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 7.)

Before the Court is a Motion to Dismiss filed by Defendants Sassine, Sucevic, Waterstreet, and the U.S. Department of Justice.[2] (Docket no. 17.) Plaintiffs filed a Response. (Docket no. 18.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[3]

## I. Recommendation

For the reasons that follow, the Court recommends granting Defendants' Motion to Dismiss (docket no. 17). The Court further recommends dismissing Plaintiffs' claims against Defendant Long under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Accordingly, the Court recommends dismissing this matter in its entirety and further recommends finding Plaintiffs' Motion for Discovery (docket no. 8) and Defendant Long's Motion for a More Definite Statement (docket no. 10) moot.

## II. Report

### A. Facts[4]

---

[2]Also pending before the Court are Plaintiffs' Motion for Discovery (docket no. 8) and Defendant Long's Motion for a More Definite Statement (docket no. 10). Because the Court recommends dismissing this matter in its entirety, the Court will recommend finding these motions moot.

[3]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

[4]The factual allegations in Plaintiffs' Complaint are, at best, sparse. (*See* docket no. 1.) Thus, the facts herein are compiled from Plaintiffs' Complaint, Plaintiffs' Response to Defendant Long's Motion for a More Definite Statement (docket no. 12), Defendants' Motion to Dismiss (docket no. 18), and Plaintiffs' Response to Defendants' Motion to Dismiss (docket no. 18).

According to Plaintiffs, on or around September 12, 2008, Defendants Sassine and Lou "made [a] false investigation report . . . accuse (sic) Plaintiffs . . . by false crime (sic) under terrorist act." (Docket no. 1 at 6.) Plaintiffs further allege that following that report, Defendants Sassine and Lou, together with Defendants Surevic and Long conspired to proceed with the false allegations against Plaintiffs. (*Id.*) Then, Plaintiffs allege, Defendants Sassine, Lou, Surevic, and Long expanded their conspiracy to include Defendant Waterstreet, who mislead the court, ultimately leading to Plaintiffs' convictions. (*Id.*) Plaintiffs also assert that Defendants engaged in "selective prosecution violates (sic) the Equal Protection Clause of the 14th Amendment by failing to charge the white and black American race in this Indictment." (*Id.*)

On November 23, 2010, Plaintiffs (and several other co-conspirators) were indicted for their participation in an insurance fraud scheme wherein the participants would purchase properties for inflated values, insure those properties, and intentionally burn, vandalize, or flood the properties. *See United States v. Toufaili, et. al.*, 10-20705, docket no. 145 at ID 1039-40 (E.D. Mich. 2010). On April 11, 2011, Plaintiff Toufaili pled guilty to one count of wire fraud and is currently serving a 60-month sentence. *Id.*, docket nos. 152, 579. On May 8, 2013, following a trial in which he was convicted of 33 counts including wire fraud, mail fraud, use of fire to commit fraud, and money laundering, Plaintiff Darwich was sentenced to serve 1,647 months in prison. *Id.*, docket nos. 304, 629. Plaintiffs have filed appeals that are unrelated to the instant suit.[5] (*See* docket no. 17 at 11, n.2; docket no. 18 at 3-4.)

---

[5]Plaintiffs assert in multiple pleadings that this matter should not be dismissed because they are not appealing their convictions or seeking any of the remedies that they request on appeal. (*See. e.g.*, docket no. 18 at 3-4.)

**B.     Motion to dismiss standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Moreover, 28 U.S.C. § 1915(e)(2)(B) requires the court to review all complaints where the plaintiff is proceeding In Forma Pauperis and sua sponte dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A requires the court to conduct the same review with regard to civil actions filed by prisoners against a governmental entity or officer or employee of a governmental entity.

**C.     Analysis**

**1.     Plaintiffs' claims are not barred by the applicable statute of limitations**

> Federal courts apply state personal injury statutes of limitations to claims brought under § 1983 as well as *Bivens* actions.  *Wilson v. Garcia*, 471 U.S. 261 (1985); *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005).  For civil rights suits filed in Michigan, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44-45 (6th Cir. 1986).  Although statutes of limitations are governed by state law, the question of when civil rights claims accrue remains one of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995). A cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action.  *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir.1991).

*O'Bryan v. Multiple Unknown Agents of Federal Bureau of Prisons*, No. 06-12252, 2012 WL 7807951, *2 (E.D. Mich. June 29, 2012) (Binder, M.J.).

Plaintiffs filed the instant action on February 22, 2013 alleging that Defendants falsified information on September 12, 2008, September 17, 2008, and June 16, 2010, which led to Plaintiffs' indictment and ultimate conviction. (Docket no. 1.)  Defendants argue that any claims arising out of the two former dates are barred.  (Docket no. 17 at 17.)  In order for Plaintiffs' claims to be barred, they must have known or had reason to know of their injuries on or before February 22,

2010. Plaintiffs imply that they did now know or have reason to know of their injuries until they were indicted on November 23, 2010. Defendants have provided no reason to suggest otherwise; therefore, the Court finds that Plaintiffs' claims are not barred by the three-year statute of limitations applicable to *Bivens* claims.

### 2. Plaintiffs' claims are barred because their convictions or sentences have not been reversed, expunged, or declared invalid

In *Heck v. Humphrey*, the U.S. Supreme Court held that when a plaintiff seeks redress for a false conviction under 42 U.S.C. § 1983, the district court must determine "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487 (1994). If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* To make such a determination, "the Court must look to the 'relationship between the elements of the state conviction and the elements of the § 1983 claim.'" *Perach v. Lee*, No. 08-13754, 2009 WL 3190414, *3 (E.D. Mich. Sept. 30, 2009) (Cook, J.) (quoting *Bobo v. City of Pontiac*, 2008 WL 1882705 at *4 (E.D. Mich. April 24, 2008) (quoting *Swiecicki v. Delgado*, 463 F.3d 489, 504 (6th Cir. 2006) (Sutton, J., concurring) (emphasis in original))). And in *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco, and Firearms*, the Sixth Circuit extended this rule to claims brought under *Bivens*. 452 F.3d 433, 460 (6th Cir. 2006) (citation omitted).

Here, while Plaintiffs do not directly challenge their convictions, their claims allege that the reports ultimately leading to their convictions and the evidence presented to the Court was falsified. (*See* docket no. 1.) Thus, while they seek monetary damages and not a reversal of their convictions through the instant suit, any finding in this matter that the information leading to their convictions was falsified would imply that their convictions were invalid. *Heck* specifically bars such a result.

6

Therefore, because Plaintiffs' convictions have not otherwise been reversed or declared invalid, the Court recommends that their claims in this matter be dismissed.

### 3. Plaintiffs' claims against the U.S. Department of Justice are barred by the doctrine of sovereign immunity

Even if Plaintiffs' claims were not barred under *Heck*, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Congress has not waived sovereign immunity for the Department of Justice in *Bivens* actions and, therefore, Plaintiff's claims against the Department of Justice are barred. If, however, the Court finds that Plaintiffs' claims are not otherwise barred, Plaintiff should be allowed to amend his Complaint to name the United States as a proper party in this case. *See Fluellen v. U.S. Dept. Of Justice Drug Enforcement Admin.*, 816 F.Supp. 1206, 1209 (E.D. Mich. 1993).

### 4. Plaintiffs' claims against Defendant Waterstreet fail under the doctrine of prosecutorial immunity

Like the Department of Justice, "[p]rosecutors also enjoy immunity from damages liability. This immunity extends to acts performed in their role as advocates for the state." *Duncan v. The Dept. of Justice*, No. 07-10164, 2007 WL 1584198, *4 (E.D. Mich. May 31, 2007) (Rosen, J.) (citing *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003)). "'In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages'" *Id.* (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). In *Duncan*, the Court found that "[b]ecause Assistant United States Attorney Ronald Waterstreet's conduct in prosecuting Plaintiff was intimately associated with the judicial phase of the criminal process . . . he enjoys prosecutorial immunity from suit." *Id.* (quotation omitted). Likewise, the Court finds that Defendant

7

Waterstreet's conduct in this matter was intimately associated with the judicial phase of the criminal process. Therefore, Plaintiffs' claims against Defendant Waterstreet are barred.

### 5.     Plaintiffs' Claims In General

To the extent that Plaintiffs' claims are not barred by *Heck* or absolute immunity, Plaintiffs have failed to state a claim under Fed. R. Civ. P. 12(b)(6). Contrary to the requirements of *Twombley* and *Iqbal*, Plaintiffs' Complaint contains extremely vague factual allegations of false reports and selective prosecution for failing to indict individuals of other races who (apparently) were involved in their criminal scheme. (*See* docket no. 1 at 6.) There are no well-pled allegations asserting which Defendants made false statements, what those false statements were, or how the false statement led to Plaintiffs' alleged injuries. Likewise, there are no well-pled allegations asserting that there were, in fact, any "white [or] black American[s]" involved in Plaintiffs' criminal scheme or whether such persons were even known to Defendants. Moreover, Plaintiffs' Complaint fails to specify how Defendants were personally involved in any of the alleged wrongdoing, aside from "legal conclusion[s] couched as [] factual allegation[s]." *See Twombley*, 550 U.S. at 555. Thus, Plaintiffs' claims should be dismissed.

### 7.     Defendants' claims of Qualified Immunity

Defendants Sassine and Sucevic allege that they are entitled to qualified immunity for Plaintiffs' claims. (Docket no. 17 at 23-24.) Plaintiffs argue that Defendants are not entitled to such protection because they committed racial discrimination. (Docket no. 18 at 6.) The Sixth Circuit has set forth a three-step inquiry to determine whether a defendant is entitled to qualified immunity: "First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have

known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

Qualified immunity, however, is best addressed after determining whether a plaintiff has stated a constitutional claim upon which relief can be granted: "[T]he better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged a deprivation of a constitutional right at all.  Normally, it is only then that a court should ask whether the right allegedly implicated was clearly established at the time of the events in question." *County of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).  Therefore, because the Court recommends dismissing Plaintiffs' claims on their merits, the Court will not address Defendants' assertion of qualified immunity.

### 8. Plaintiffs' claims against Defendant Long

Although Defendant Long has not joined the remaining Defendants in their Motion to Dismiss, the Court nevertheless recommends dismissing Plaintiffs' claims against Defendant Long under 28 U.S.C. § 1915 and §1915A. Like Plaintiffs' claims against the other Defendants, Plaintiffs' claims against Defendant Long are barred by *Heck*, and to the extent the Court finds that Plaintiffs claims are not so barred, Plaintiffs have failed to state a claim for relief against Defendant Long. Plaintiffs have failed to state how Defendant Long was involved in the alleged conspiracy against them or what acts he took that gave rise to Plaintiffs' injuries.

### D.    Conclusion

For the above-stated reasons, the Court recommends granting Defendants' Motion to Dismiss (docket no. 17). The Court further recommends dismissing Plaintiffs' claims against Defendant Long under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Accordingly, the Court recommends dismissing this matter in its entirety and further recommends finding Plaintiffs' Motion for Discovery (docket no. 8) and Defendant Long's Motion for a More Definite Statement (docket no. 10) moot.

### III.     Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.

Dated: August 26, 2013      s/ Mona K. Majzoub
                 MONA K. MAJZOUB
                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

  I hereby certify that a copy of this Report and Recommendation was served up counsel of record and on Plaintiffs Ali Darwich and Fatima Toufaili on this date.

Dated: August 26, 2013      s/ Lisa C. Bartlett
                 Case Manager

11